NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0268n.06

No. 16-6622

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HERBERT R. SLINKER, | ) | **FILED** |
| | ) | May 09, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JIM BEAM BRANDS COMPANY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Following his discharge for failing a post-accident drug screen, plaintiff sued his former employer for age discrimination under Kentucky law. The district court held Section 301 of the Labor Management Relations Act preempted his claim because its resolution required interpretation of the terms of a collective bargaining agreement. We affirm.

I.

Herbert Slinker worked in Jim Beam's shipping department from 2007 to 2014.[1] A collective bargaining agreement governed the terms and conditions of his employment. Under

---

[1]Slinker moved for leave to file a first amended complaint. The district court denied leave, reasoning the motion was untimely. Slinker does not appeal this decision. Insofar as Slinker relies on facts alleged in the proposed amended complaint, we, like the district court, give them no credence.

that agreement's Drug Free Work Place article, Jim Beam subjected employees involved in "an accident resulting in significant property damage where operator control is involved" to drug testing.

On January 6, 2014, plaintiff was involved in a workplace accident that damaged "some of the cases on the pallet" he was transporting as a forklift operator. Slinker immediately submitted to a urinalysis drug screen and tested positive for marijuana. The sample was then discarded, and Slinker submitted to another test (the results of which are not set forth in his complaint). According to Slinker, these drug tests violated "the policy and procedures" contained within the collective bargaining agreement.

Slinker contends Jim Beam violated the Kentucky Civil Rights Act's prohibition against age discrimination when it fired him that same day. *See* K.R.S. § 344.040(1)(b). In his view, Jim Beam's new ownership is bent on reducing payroll, and thus wants to keep younger, less senior employees over older and more senior ones. In support, Slinker alleges inconsistent enforcement of the Drug Free Work Place article. Namely, he claims Jim Beam did not promptly drug test a younger employee involved in a forklift accident causing more damage. The district court granted summary judgment in Jim Beam's favor, reasoning Slinker's allegation of disparate treatment under the drug testing policy would require interpreting the terms of the collective bargaining agreement, and thus Section 301 of the Labor Management Relations Act preempted the claim.[2] *See* 29 U.S.C. § 185(a). It then construed the claim as one arising under Section 301 and dismissed it as time-barred under Section 301's six-month statute of limitations. Slinker appeals the district court's preemption holding only, leaving its statute-of-limitations holding undisturbed.

---

[2]Slinker alleged other causes of action arising out of his discharge. He does not appeal the district court's dismissal of these claims.

II.

We review the district court's grant of summary judgment de novo. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we view the evidence in a light most favorable to the nonmovant, *Rogers*, 737 F.3d at 1030, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.

There are procedural and substantive flaws to Slinker's appeal. First, it is well-settled that "the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (citation omitted). In response to Jim Beam's dispositive motion, Slinker's counsel first sought and obtained an extension of time to respond. The district court denied a request for a second extension, and then denied Slinker's motion to accept a late-filed response. Critically, plaintiff does not contend these denials were in error, nor does he even acknowledge these orders on appeal. Having failed to properly oppose Jim Beam's motion below, we deem Slinker's new appellate argument waived. *See id.*; *Perez v. Oakland Cty.*, 466 F.3d 416, 430 (6th Cir. 2006).

Second, his claims do not rise to the level of a miscarriage of justice needed to excuse his procedural failure below. *See*, *e.g.*, *In re Morris*, 260 F.3d 654, 662–64 (6th Cir. 2001) (summarizing circumstances meriting deviating from the general rule that "a federal appellate court does not consider an issue not passed upon below" (citation omitted)). Section 301 of the

Labor Management Relations Act authorizes district courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). This section "governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citations omitted). To this end, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted). We utilize the following two-step analysis to determine whether Section 301 preemption applies:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the labor contract. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the labor contract, or instead by state law. If the rights were created by the labor contract, the claim is preempted. In short, if a state-law claim fails *either* of these two requirements, it is preempted by § 301.

*Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (brackets and citations omitted).

As the district court properly concluded, plaintiff's age discrimination claim plainly falls within the first prong. Slinker's complaint amply suggests interpretation of the union contract's drug-testing article is required to adjudicate his claim under Kentucky law—he complains that Jim Beam drug tested him in a manner that "violat[ed] . . . the policy and procedures outlined in the Collective Bargaining Agreement," while at the same time Jim Beam delayed a drug test for a younger co-worker also "in violation of the collective bargaining agreement . . . ."

Determining whether Jim Beam complied with the union contract when it drug tested plaintiff and his co-worker necessarily requires interpreting the drug-testing provision of the contract. Because "plaintiff can[not] prove all of the elements of his claim without the necessity of contract interpretation"—i.e., whether Jim Beam treated an alleged comparator differently—Section 301 preempts his claim, and therefore there is no miscarriage of justice. *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994); *Paluda v. ThyssenKrupp Budd Co.*, 303 F. App'x 305, 308–09 (6th Cir. 2008). We reject Slinker's attempt to draw an analogy to our decision in *Paul* because that matter involved only a tangential relationship to the terms of a collective bargaining agreement; here, Slinker's claims are "inextricably intertwined" with interpretation of the union contract's drug-testing provisions. 701 F.3d at 522–23.

## IV.

For these reasons, we affirm the judgment of the district court.